UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY ADDISON MCCAMEY,<br><br>                Plaintiff,<br><br>    v.<br><br>SNOHOMISH COUNTY SHERIFF'S OFFICE, et al.,<br><br>                Defendants. | CASE NO. C19-699-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION DENYING PERMANENT INJUNCTION** |

       Before the Court is plaintiff's motion for a permanent injunction, filed June 5, 2019. Dkt. 10. In May 2019, plaintiff filed a prisoner *pro se* complaint alleging defendants violated his rights by denying him a Kosher diet. He alleged "I can be Jewish today or atheist tonight. The point is that is my right as a citizen." Dkt. 5 at 1. Plaintiff now moves for a permanent injunction alleging his religious freedoms are being denied in violation of the First Amendment and the Religious Land Use Institutionalized Persons Act ("RLUIPA). Dkt. 12. He claims he wishes to convert to the Jewish faith and that he sincerely believes he should be given this "religious right." *Id.* at 3. He requests the Court grant his motion and order the defendants to provide him with Kosher meals. *Id.* at 4.

       For the reasons below, the Court recommends the motion for a permanent injunction be denied.

REPORT AND RECOMMENDATION
DENYING PERMANENT INJUNCTION - 1

**DISCUSSION**

The standard for granting a permanent injunction is similar to the standard for granting a preliminary injunction, except a party seeking a permanent injunction must prove actual success on the merits as opposed to merely showing a likelihood of success on the merits. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12 (1987). Here plaintiff fails to show he is likely to succeed. His complaint alleges he has the right to practice one religion one day and another religion the next. His motion for an injunction alleges he wishes to convert to the Jewish religion, i.e., he desires a Kosher meal although he is not yet a member of the Jewish religion. Given plaintiff's allegations, he has not shown he is likely to succeed in establishing that the defendants violated his religious rights.

The Court accordingly recommends the motion for a permanent injunction be denied. This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **June 21, 2019.** The Clerk should note the matter for **Friday, June 21, 2019,** as ready for the District Judge's consideration if no objection is filed.

If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 5 pages. The failure to timely object may affect the right to appeal. The clerk shall provide a copy of this order to the parties.

DATED this 7th day of June, 2019.

REPORT AND RECOMMENDATION
DENYING PERMANENT INJUNCTION -
2

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION
DENYING PERMANENT INJUNCTION - 3